UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 7, 2013

LETTER TO COUNSEL:

   RE: *Joanna Birch v. Commissioner, Social Security Administration*;
      Civil No. SAG-12-0078

Dear Counsel:

  On January 9, 2012, the Plaintiff, Joanna Birch, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 22, 24). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

  Ms. Birch filed her claim for benefits on April 5, 2004, alleging disability beginning on May 1, 2003. (Tr. 157-59, 585). Her claim was denied initially on May 21, 2004, and on reconsideration on January 18, 2005. (Tr. 71-74, 79-80). Following an initial set of hearings, an Administrative Law Judge ("ALJ") denied benefits on April 21, 2006. (Tr. 40-47). The Appeals Council ("AC") remanded the case for further consideration. (Tr. 61-65). The same ALJ held another hearing and again denied benefits on July 19, 2007. (Tr. 557-77, 48-60). Once again, the AC remanded the case. (Tr. 68-70). A new ALJ held a hearing on July 28, 2010. (Tr. 578-627). Following the hearing, on September 15, 2010, the ALJ determined that Ms. Birch was not disabled during the relevant time frame. (Tr. 15-31). This time, the AC denied Ms. Birch's request for review (Tr. 7-11), so the ALJ's 2010 decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Ms. Birch suffered from the severe impairments of fibromyalgia, arthritis, and mild obesity. (Tr. 20). Despite these impairments, the ALJ determined that Ms. Birch retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b), with lifting/carrying 20 pounds occasionally and 10 pounds frequently, standing/walking six hours, sitting six hours, for a combined total of eight hours in a workday, no balancing or climbing of ropes, ladders, or scaffolds, but could occasionally stoop, crouch, crawl, squat, kneel, and climb stairs, no exposure to dangerous heights or dangerous machinery, could occasionally reach with frequent, but not constant,

>  use of the hands, and had to avoid concentrated exposure to heat and cold, dust, fumes, gases, and vibration. The claimant could understand, remember and carry out detailed instructions, perform within a schedule, be adequately productive within scheduled work breaks, and was responsible for attendance within customary work tolerances.

(Tr. 23-24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Birch could perform her past relevant work as an activities director, and that she was therefore not disabled during the relevant time frame. (Tr. 30-31).

Ms. Birch presents three arguments on appeal: (1) that the ALJ erred at step two by failing to identify her degenerative disc disease as a severe impairment; (2) that the ALJ erred in the assignment of weight to medical sources; and (3) that the ALJ lacked a medical basis for the RFC determination regarding use of her hands. Each argument lacks merit.

First, Ms. Birch submits that the ALJ should have found that her degenerative disc disease of the lumbar and cervical spine is a severe impairment at Step Two. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that her impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). In this case, Ms. Birch has not directed this Court to, and this Court has been unable to find, any medical evidence indicating that her degenerative disc disease caused significant or lasting limitations in her ability to work. In fact, her treating physician, Dr. Thanwy, did not even mention "degenerative disc disease" in his disability assessment. (Tr. 353-55). Following a brief period of physical therapy after a fall in 2008, Ms. Birch reported little or no back pain, and her treatment was discontinued. (Tr. 459). Accordingly, the ALJ did not err by failing to find that Ms. Birch's degenerative disc disease is a severe impairment. Moreover, the ALJ considered degenerative disc disease at the subsequent steps of the sequential evaluation, which would render any error harmless. (Tr. 29, 30).

Next, Ms. Birch submits that the ALJ erroneously assigned weight to various medical sources. Specifically, Ms. Birch suggests that the ALJ assigned too much weight to earlier opinions issued by a state agency reviewer, Dr. Serpick, and a consultative examiner, Dr. Jensen, and too little weight to the later opinions issued by a treating physician, Dr. Thanwy, and another consultative examiner, Dr. Tanman. With respect to the earlier opinions, Ms. Birch contends that they did not take into consideration her 2006 x-rays showing increased lumbar and cervical impairments after a fall.[1] Pl. Mot. 10-11. However, Dr. Serpick's and Dr. Jensen's opinions provided insight into Ms. Birch's condition as of the dates of their reports, which well post-dated Ms. Birch's alleged disability onset date of May 1, 2003. A medical opinion is no less valid simply because it does not consider developments that may have occurred subsequent to its

---

[1] In fact, the 2006 X-rays showed only "relatively mild" or "moderate" degenerative changes. (Tr. 400-01).

drafting. Furthermore, as the ALJ noted, Dr. Serpick's assessment was affirmed by another state agency consultant, Dr. Hakkarinen, in January, 2007, after the 2006 X-rays became part of the record. (Tr. 30, 422, 429).

The ALJ assigned little weight to the opinions of Drs. Thanwy and Tanman. Dr. Thanwy served as Ms. Birch's treating physician. However, a treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Dr. Thanwy's October 11, 2005 opinion, in which he opines that Ms. Birch can lift/carry less than one pound and only stand/walk one-half hour without interruption, (Tr. 353-54), is inconsistent with Dr. Thanwy's own treatment notes reflecting only over-the counter pain medications, no referral to any medical specialists, no clinical abnormalities with respect to the use of her hands, and repeated notes showing either no musculoskeletal symptoms or an exhibition of "full range of motion and normal muscle tone." *See, e.g.,* (Tr. 357-58, 411-14, 442-445). Finally, the ALJ noted the absence of clinical findings to support the diagnoses of fibromyalgia and polyarthritis upon which Dr. Thanwy relied, and "mostly routine office visits for treatment of hypertension and general medical care." (Tr. 27). Dr. Tanman's consultative examination report was not afforded great weight for similar reasons. Specifically, the ALJ noted that Dr. Tanman's observations from his one-time examination of Ms. Birch were inconsistent with the longitudinal records showing "normal musculoskeletal and neurological findings" and "normal gait and station." (Tr. 29). The ALJ also noted that Dr. Tanman did not perform any significant testing other than the subjective tests of range of motion and strength, and did not opine as to Ms. Birch's degree of effort during the examination. *Id.* In light of the inconsistency between Dr. Tanman's observations and the record as a whole, the ALJ appropriately declined to give great weight to Dr. Tanman's report.

Finally, Ms. Birch complains that the ALJ lacked a medical basis for the RFC finding that she could engage in "frequent but not constant" use of her hands. Pl. Mot. 12. An ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton–Miller v. Astrue,* 459 F.App'x 226, 230-31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion as to an RFC, but should base an RFC on all available evidence). There was medical evidence in the record as summarized by the ALJ, including the consultative examination from Dr. Jensen, suggesting that Ms. Birch could have some limitation in handling and fingering, but that her ability to handle and finger did not appear significantly impaired. (Tr. 29, 339). The ALJ further noted the claimant's subjective complaints of difficulties with her hands, but the dearth of evidence showing any clinical abnormalities. (Tr. 26). In light of the substantial evidence cited by the ALJ to support his RFC determination, remand is unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 22) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 24) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge